UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LEON A. MORRIS, | : | Case No. 3:22-cv-200 |
| Plaintiff, | : | |
| vs. | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| MAJOR HAINES, *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate currently housed at the Correctional Reception Center, in Orient, Ohio, has filed a *pro se* civil rights complaint against seventeen employees at the Montgomery County Jail (the "Jail") for alleged violations of his rights while he was incarcerated there. (Doc. 7). Plaintiff brings this action under 42 U.S.C. § 1983, 28 U.S.C. §§ 2201, 2202 and 2283, Federal Rule of Civil Procedure 65, and Ohio state law, and sues defendants in their official and individual capacities. (Doc. 7, at PageID 33). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint (Doc. 7) to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). Also before the Court are plaintiff's motions to appoint counsel (Doc. 4), for writ of mandamus (Doc. 5), and to obtain information under the F.O.I.A. [Freedom of Information Act] (Doc. 8).

## Screening of Complaint

**A.** **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token,

however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.    Plaintiff's Complaint**

The entirety of plaintiff's factual allegations are as follows:

Smart communications[,] emails, grievances, request medical [and] dental. Motion to obtain this vital information is attached. Chaplain, classification, professional contact and program requests [and] grievances, medical [and] mental health records.

Plaintiff seeks injunctive and declaratory relief, as well as monetary damages. (Doc. 7, at PageID 33-34).

3

**C.** **Analysis**

Based on the above factual allegations, plaintiff purports to bring claims for violations of due process, equal protection, freedom of speech, his "rights to be free from cruel [and] unusual punishment, inhumane treatment, [and] discrimination," and "local, city, and state laws, policies, and rules." (Doc. 7, at PageID 34).

For the following reasons, the complaint is subject to dismissal.

**a.** **Plaintiff's § 1983 Claims**

To maintain an action under § 1983, plaintiff must allege that the person engaging in the conduct complained of was acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)).

To the extent that plaintiff sues defendants in their individual capacities, the complaint fails to provide any factual content or context from which the Court may reasonably infer that the named defendants violated plaintiff's rights.

To the extent that plaintiff sues defendants in their official capacities, such claims are in reality claims against Montgomery County, Ohio, the entity for which the Court understands the defendants to be employed. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). Plaintiff does not allege that his constitutional rights were violated pursuant to a Montgomery County policy. *See id.* at 690. Nor does plaintiff allege facts from which the Court may infer a failure-to-train claim against Montgomery County. To state a failure-to-train claim against the County, plaintiff must allege "prior instances of unconstitutional conduct

demonstrating that the municipality had ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citation, quotation marks, and brackets omitted). Here, plaintiff does not allege any facts indicating that the County knew of prior unconstitutional conduct on the part of Montgomery County Jail staff. Accordingly, any failure-to-train claim must fail as to the County. *See id*.

Plaintiff's § 1983 claims against defendants should therefore be dismissed with prejudice for failure to state a claim upon which relief may be granted.

      b. **Plaintiff's Declaratory and Injunctive Relief Claims**

Plaintiff's claims for declaratory and injunctive relief under 28 U.S.C. §§ 2201, 2202, 2283, and Fed. R. Civ. P. 65 are also subject to dismissal.[1] Because plaintiff is no longer incarcerated at the Jail--the place where the alleged violations of his rights occurred--his requests for declaratory and injunctive relief against defendants are moot. *See Parks v. Reans,* 510 F. App'x 414, 415 (6th Cir. 2013) (per curiam) (citing *Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir. 1996)) (holding that the district court properly dismissed the plaintiff's request for injunctive and declaratory relief based on incidents that had occurred at a prison facility where he was previously confined because the request was rendered "moot upon his transfer to a different facility"); *cf. Dulaney v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997) (holding that request for injunctive relief based on Eighth Amendment claim of denial of medical care was rendered moot by the plaintiffs' release from the prisons involved in the case).

---

[1]To the extent that plaintiff also purports to bring declaratory and injunctive relief claims under 28 U.S.C. § 2284 (three-judge district courts) (*see* Doc. 7, at PageID 33), that statute appears inapplicable. In any event, for the reasons stated herein, any claims for declaratory and injunctive relief should be denied as moot.

Therefore, plaintiff's declaratory and injunctive relief claims against defendants should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### c. Plaintiff's State Law Claims

Having found that plaintiff's federal claims should be dismissed in their entirety, the undersigned further recommends that the Court decline to exercise supplemental jurisdiction over plaintiff's state-law claims and dismiss such claims without prejudice. *See Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 210 (6th Cir. 2004) (although the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is a matter of discretion, when a court dismisses all federal claims before trial, it generally should dismiss the state law claims as well).

Accordingly, in sum, the Court should **DISMISS with prejudice** plaintiff's federal claims for failure to state a claim upon which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), and should **DECLINE** to exercise supplemental jurisdiction over plaintiff's state-law claims and **DISMISS** such claims **without prejudice,** 28 U.S.C. § 1367(c)(3). In light of the above recommendations, plaintiff's motions to appoint counsel (Doc. 4), for writ of mandamus (Doc. 5), and to obtain information under the F.O.I.A. (Doc. 8) should be **DENIED as moot**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's federal claims against defendants be **DISMISSED with prejudice**, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over plaintiff's state-law claims and **DISMISS** such claims **without prejudice**.

3. Plaintiff's motions to appoint counsel (Doc. 4), for writ of mandamus (Doc. 5), and to obtain information under the F.O.I.A. (Doc. 8) be **DENIED as moot**.

4.      The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**IT IS SO RECOMMENDED.**

September 26, 2022                                                                *s/Peter B. Silvain, Jr.*
                                                                                                  PETER B. SILVAIN, JR.
                                                                                                  United States Magistrate Judge