IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LEON A. MORRIS,

      Plaintiff,                                  Case No. 3:22-cv-200

vs.

MAJOR HAINES, *et al.*,                      District Judge Michael J. Newman
                                          Magistrate Judge Peter B. Silvain, Jr.

      Defendants.

---

**ORDER: (1) DENYING *PRO SE* PLAINTIFF'S THREE POST-JUDGMENT MOTIONS (Doc. Nos. 22, 23, 24); AND (2) CLARIFYING THAT THIS CASE REMAINS TERMINATED ON THE DOCKET**

---

This Court previously adopted United States Magistrate Judge Peter B. Silvain, Jr.'s Report and Recommendation, granted judgment in favor of Defendants, and terminated this case on the docket.  Doc. No. 20.  This civil case is now before the Court on *pro se* Plaintiff Leon A. Morris's two "Objections," which, when liberally construed, constitute motions under Fed. R. Civ. P. 60.  Doc. No. 22, 24.[1]  Additionally, Morris filed a "Motion Supplying Facts in Support of Default Judgment" to accompany his two Rule 60 motions.  Doc. No. 23.  Defendants did not respond to any of these motions, and the time for doing so has passed.   This matter is ripe for review.

Morris first alleges that he was entitled to a default judgment because, in his view, Defendants acted with malice and did not respond to his complaint in a timely manner.  Doc. No. 22 at PageID 88–89.  As additional proof, he alleges in his motion supporting default judgment that, by not denying the allegations in his complaint, Defendants admitted them, so he is entitled to judgment.   Doc. No. 23 at PageID 91–92.   Finally, he alleges that the Report and

---

[1] As with all *pro se* litigants, Morris's documents and allegations are liberally construed in his favor.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).

Recommendation was unlawful because Defendants fraudulently deducted funds from his prison trust account. Doc. No. 24 at PageID 94.

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, --- U.S. ---, 142 S. Ct. 1856, 1861 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). Per Fed. R. Civ. P. 60(b)(1), relief is warranted for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Likewise, plaintiffs can offer "newly discovered evidence that, with reasonable diligence, could not have been discovered in time" to support relief. Fed. R. Civ. P. 60(b)(2). "Fraud, . . . misrepresentation, or misconduct by an opposing party" provides another avenue for relief. Fed. R. Civ. P. 60(b)(3). Plaintiffs may also seek relief under Fed. R. Civ. P. 60(b)(6), citing "any other reason that justifies relief"—provided that "'extraordinary circumstances' . . . justify reopening" the case. *Kemp*, 142 S. Ct. at 1861 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n. 11 (1988)).[2]

Morris's motions do not fit any of the traditional grounds for seeking relief under Fed. R. Civ. P. 60. He does not allege mistake, newly discovered evidence, or some fraud that precluded him from relief. Rather, he contends that, as a matter of law, he is entitled to a default judgment because Defendants did not deny every single allegation in his complaint. *See* Doc. Nos. 22–24. The only plausible grounds for relief under Fed. R. Civ. P. 60 appear to be Fed. R. Civ. P. 60(b)(1), for a mistake of law, and (b)(6), for extraordinary circumstances.

Nonetheless, Morris's arguments fail as a matter of law. He cites several cases that stand

---

[2] Rule 60(b)(4) and (b)(5) are not implicated here, as those sections deal with circumstances irrelevant to Morris's motions: void and satisfied judgments. *See, e.g.*, *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) ("A judgment is void under 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law'" (quoting *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992))).

for the proposition that complaints "must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief'" to resist dismissal. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (quoting Fed. R. Civ. P. 8(a)(2)); Doc. No. 22 at PageID 88–89; Doc. No. 23 at PageID 91–92; Doc. No. 24 at PageID 94. However, that does nothing to undercut the litany of jurisdictional errors and deficiencies—which would foreclose any argument he raises about his prison trust account—that counseled this Court to adopt Judge Silvain's Report and Recommendation. *See* Doc. No. 11 at PageID 44–46; Doc. No. 20; *see also, e.g.*, *Fabian v. Tillotson*, 343 F.R.D. 55, 58–59 (S.D. Ohio 2022). Nor do these cases demonstrate procedural error because, under 28 U.S.C. § 1915(e)(2), Judge Silvain could recommend to dismiss Morris's complaint *sua sponte* for failing to allege plausible federal claims. *See, e.g.*, *McGhee v. Light*, 384 F. Supp. 3d 894, 895–96 (S.D. Ohio 2019). Finally, Plaintiff misunderstands the interplay between the *in forma pauperis* statute—permitting *sua sponte* dismissal—and the rules for default judgment when a defendant does not answer. This Court properly screened the complaint "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *cf. Hill v. Michigan*, 14 F. App'x 401, 403 (6th Cir. 2001) ("The district court properly dismissed [*pro se* Plaintiff's] complaint *sua sponte* as legally frivolous and so did not abuse its discretion in denying his motion for default judgment"). In this situation, Defendants' failure to answer holds no legal significance.

Therefore, Morris's two Rule 60(b) motions (Doc. No. 22, 24) are **DENIED**. His motion purporting to offer evidence to support a default judgment (Doc. No. 23) is, thus, **DENIED**. This case remains **TERMINATED** on the docket.

**IT IS SO ORDERED.**

  March 1, 2023               s/Michael J. Newman
                              Hon. Michael J. Newman
                              United States District Judge