IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LEON A. MORRIS,

    Plaintiff,

vs.

MAJOR HAINES, *et al.*,

    Defendants.

Case No. 3:22-cv-200

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) DENYING *PRO SE* PLAINTIFF'S FED. R. CIV. P. 60(b) MOTION (Doc. No. 27); (2) DENYING PLAINTIFF A CERTIFICATE OF APPEALABILITY; (3) CERTIFYING THAT ANY APPEAL WOULD BE OBJECTIVELY FRIVOLOUS AND FINDING THAT *IN FORMA PAUPERIS* STATUS SHOULD BE DENIED ON APPEAL; AND (4) CLARIFYING THAT THIS CASE REMAINS TERMINATED ON THE DOCKET**

---

    In this *pro se* civil case, this Court previously: (1) adopted United States Magistrate Judge Peter B. Silvain, Jr.'s Report and Recommendation, Doc. No. 20; (2) granted judgment in favor of Defendants, *id.*; (3) terminated this case on the docket, *id.*; and (4) denied *pro se* Plaintiff Leon A. Morris's post-judgment motions, Doc. Nos. 22–26. This case is now before the Court on Morris's newest motion under Fed. R. Civ. P. 60(b) for post-judgment relief. Doc. No. 27.[1] Defendants did not respond to this motion, and the time for doing so has passed. This matter is ripe for review.

    Morris recites the same boilerplate allegations made in his prior motions that he contends entitle him to relief: namely, that government officials are violating his constitutional rights. *Id.* at PageID 103, 105–06. This time, he contends that he has additional evidence proving his allegations, but he does not give any concrete example of this evidence or offer any instance of

---

[1] As with all *pro se* litigants, Morris's documents and allegations are liberally construed in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

discrimination that he allegedly suffered. *Id.* at PageID 105.

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, --- U.S. ---, 142 S. Ct. 1856, 1861 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). Per Fed. R. Civ. P. 60(b)(1), relief is warranted for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Likewise, plaintiffs can offer "newly discovered evidence that, with reasonable diligence, could not have been discovered in time" to support relief. Fed. R. Civ. P. 60(b)(2). "Fraud, . . . misrepresentation, or misconduct by an opposing party" provides another avenue for relief. Fed. R. Civ. P. 60(b)(3). Plaintiffs may also seek relief under Fed. R. Civ. P. 60(b)(6), citing "any other reason that justifies relief"—provided that "'extraordinary circumstances' . . . justify reopening" the case. *Kemp*, 142 S. Ct. at 1861 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)).[2]

Morris's motion shall be denied because he runs afoul of the bedrock principle that merely restating prior insufficient allegations—which led to the Magistrate Judge's initial recommendation to dismiss this case—is not enough to afford Rule 60(b) relief. *See Johnson v. Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004); *Morris v. Globe Life Ins. Co.*, No. 3:22-cv-222, 2023 WL 2932285, at *2 (S.D. Ohio Apr. 13, 2023). Moreover, he has not identified what this new evidence—or any instances of fraud or misconduct that might warrant Rule 60 relief—might be in his motion. *See Morris*, 2023 WL 2932285, at *2 (denying Morris's Rule 60(b) motion in an unrelated case on similar grounds). His motion, therefore, lacks merit.

---

[2] Rule 60(b)(4) and (b)(5) are not implicated here, as those sections deal with circumstances irrelevant to Morris's motions: void and satisfied judgments. *See, e.g.*, *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) ("A judgment is void under 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law'" (quoting *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992))).

Accordingly, Morris's Rule 60(b) motion (Doc. No. 27) is **DENIED**.  The Court **DENIES** Morris a certificate of appealability, **CERTIFIES** that any appeal would be objectively frivolous, and finds that Plaintiff should be denied *in forma pauperis* status on appeal.  This case remains **TERMINATED** on the docket.

    **IT IS SO ORDERED.**

<u> July 26, 2023        </u>                    <u>s/Michael J. Newman       </u>
                                                       Hon. Michael J. Newman
                                                     United States District Judge